IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SCOTT ARCENEAUX, JR., ARISTOS PETROS, and G59 MERCHANDISING, LLC,<br>    Plaintiffs,<br>            v.<br>VARIOUS JOHN DOES, JANE DOES, and XYZ COMPANIES,<br>    Defendants. | Civil Action No.<br>1:24-cv-03509-SDG |

_____

**TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE**
_____

Plaintiffs Scott Arceneaux Jr., Aristos Petros, and G59 Merchandising, LLC, having applied for an *ex parte* temporary restraining order, order permitting civil seizure, and order to show cause for a preliminary injunction and seizure order against unknown individuals and entities (collectively, "**Defendants**"), pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), for the reason that Defendants are and will be manufacturing, distributing, offering for sale and selling goods bearing counterfeit reproductions of trademarks owned and, controlled by Plaintiffs ("**Counterfeit Merchandise**"),

1

and the Court having reviewed the complaint, the memorandum of law, and the declarations of Dana Biondi, William Jennings, and John T. Rose, the Court finds:

1. Defendants' manufacture, import, distribution, offer for sale and/or sale of Counterfeit Merchandise has caused, and if not stopped will continue to cause, immediate and irreparable injury to Plaintiffs;

2. Plaintiffs are likely to succeed in showing Defendants have used and are continuing to use counterfeit and/or unauthorized and infringing copies of Plaintiffs' federally registered trademarks and unregistered trademarks, names and likenesses set forth below in connection with the manufacture, import, distribution, offer for sale and/or sale of Counterfeit Merchandise;

3. Plaintiffs have also shown sufficiently serious questions going to the merits of their claims to make them a fair ground for litigation, and that the harm to Plaintiffs from denial of the requested *ex parte* order would outweigh the harm to Defendants' legitimate interests in the event such an order were granted;

4. Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make inaccessible to the Court Defendants' Counterfeit Merchandise, any business records related thereto, and the profits derived therefrom, absent an *ex parte* order, thereby denying Plaintiffs access to relevant evidence and frustrating the ultimate relief Plaintiffs seek in this action;

5. Plaintiffs have represented they have not publicized the requested seizure order;

6. Plaintiffs have demonstrated that Defendants are or will be distributing, offering for sale, or selling Counterfeit Merchandise, including at locations within this district. The Court is satisfied that 15 U.S.C. §§ 1116(a) and (d)(1)(A), as well as Federal Rule of Civil Procedure 65, permit it to enforce injunctions on persons outside of the Northern District of Georgia. The Court is hesitant, however, given the extraordinary nature of this relief, to exercise personal jurisdiction over unknown individuals and entities across the country. Indeed, the Court is cognizant that it may not enjoin "the world at large," and must set limits on the relief Plaintiffs seek. *Bravado Int'l Grp. Merch. Servs., Inc. v. Smith*, No. 8:12-CV-613-T-23EAJ, 2012 WL 1155858, at *4 (M.D. Fla. Mar. 27, 2012) (quoting *Joel v. Various John Does*, 499 F. Supp. 791, 792 (E.D. Wis. 1980)). Nonetheless, given that 15 U.S.C. § 1116(a) provides for nationwide service of process, the Court may exercise personal jurisdiction over Defendants outside of this jurisdiction within the bounds of the Fifth Amendment. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997). The Court may, therefore, grant the relief Plaintiffs seek unless and until any Defendant shows that the Court's exercise of jurisdiction is not fair or reasonable. *Id.* at 946.

7. Entry of an order other than an *ex parte* seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, the removal of Counterfeit Merchandise from the marketplace and destruction of same, and an award to Plaintiffs of lost profits or damages.

Therefore, **IT IS HEREBY ORDERED** that Defendants, various John Does, Jane Does, and XYZ Corporations, their true identities being unknown, show cause before the Honorable Steven D. Grimberg, United States District Court Judge, **on August 23, 2024 at 4:00 p.m. EST, via Zoom video at Join ZoomGov Meeting** https://ganduscourts.zoomgov.com/j/1600529884; **Meeting ID: : 160 052 9884**; **Passcode:** 67587; why an order pursuant to Fed. R. Civ. P. 65 should not be entered granting Plaintiffs a preliminary injunction enjoining Defendants from manufacturing, distributing, offering, holding for sale, or selling the Counterfeit Merchandise, consisting of any clothing, jewelry, photographs, posters, recordings and other merchandise bearing the trademarks, service marks, likenesses, images, trade names or logos, or any colorable imitations thereof of the musical group known as THE $UICIDEBOY$ and each of its individual members, SCOTT ARCENEAUX, JR. and ARISTOS PETROS, and their federally registered marks: **$UICIDEBOY$** and logo design (U.S. Trademark Reg. No., 5,967,818), **G59** and logo design (U.S. Trademark Reg. No. 5,938,446), **G59 RECORDS**

(U.S. Trademark Reg. No. 5,938,445) and the unregistered trademarks and logo designs **GREYFIVENINE**, **GREY59**, **G59 GREYDAY** and related marks (collectively, the "**Plaintiffs' Marks**").

AND IT APPEARING TO THE COURT that Defendants are about to sell and distribute the Counterfeit Merchandise bearing the Plaintiffs' Marks during the upcoming *The $uicideboy$* 2024 concert tour, including the concert to be held on August 10, 2024 at the State Farm Arena in Atlanta, Georgia (the "**2024 Tour**"), and will carry out such acts during the entirety of the 2024 Tour set forth below, unless restrained by order of the Court,

IT IS FURTHER ORDERED that pending hearing and determination of this application, Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms, and corporations acting in concert with them; and each of them be and hereby are temporarily restrained from manufacturing, distributing, offering, holding for sale, advertising, and selling Counterfeit Merchandise bearing any of Plaintiffs' Marks;

AND IT IS FURTHER ORDERED that the United States Marshal or other federal, state, or local law enforcement officers, or off-duty officers located within each district in which Plaintiffs enforce this Order, assisted by one or more attorneys or agents of Plaintiffs, are hereby authorized to seize and impound any and all Counterfeit Merchandise which Defendants sell, offer for sale, or are

holding for sale, including from any bag, carton, container, vehicle, or other means of carriage in which the Counterfeit Merchandise is found from ten hours before to six hours after any performance by *The $uicideboy$* within a five mile vicinity of the venues at which they shall be performing, including, but not limited to, the following venues and dates of the 2024 Tour:

| Date | Venue |
|---|---|
| August 10, 2024 | State Farm Arena, Atlanta, GA |
| August 11, 2024 | Amalie Arena, Tampa, FL |
| August 13, 2024 | Toyota Center, Houston, TX |
| August 14, 2024 | American Airlines Center, Dallas, TX |
| August 16, 2024 | Frost Bank Center, San Antonio, TX |
| August 17, 2024 | Moody Center ATX, Austin, TX |
| August 19-20, 2024 | Fiddler's Green Amphitheatre, Englewood, CO |
| August 21, 2024 | Delta Center, Salt Lake City, UT |
| August 23, 2024 | Rogers Arena, Vancouver, BC |
| August 24, 2024 | Climate Pledge Arena, Seattle, WA |
| August 25, 2024 | Moda Center, Portland, OR |
| August 27, 2024 | Golden 1 Center, Sacramento, CA |
| August 28, 2024 | Chase Center, San Francisco, CA |
| August 30, 2024 | Pechanaga Arena, San Diego, CA |
| September 3, 2024 | Crypto.com Arena, Los Angeles, CA |
| September 4, 2024 | Honda Center, Anaheim, CA |
| September 6, 2024 | MGM Garden, Las Vegas, NV |
| September 7-8, 2024 | Footprint Center, Phoenix, AZ |
| September 11, 2024 | Isleta Amphitheater, Albuquerque, NM |
| September 15, 2024 | PNC Center, Raleigh, NC |
| September 17, 2024 | CFG Bank Arena, Baltimore, MD |
| September 19, 2024 | Wells Fargo Center, Philadelphia, PA |
| September 20, 2024 | UBS Arena, Elmont, NY |

| Date | Venue |
|---|---|
| September 23, 2024 | Scotiabank Arena, Toronto, Ontario |
| September 24, 2024 | Place Bell, Laval, Quebec |
| September 25, 2024 | TD Garden, Boston, MA |
| September 27, 2024 | Rocket Mortgage Fieldhouse, Cleveland, OH |
| September 29, 2024 | Key Bank Center, Buffalo, NY |
| September 29, 2024 | PPG Paints Arena, Pittsburgh, PA |
| October 1, 2024 | Heritage Bank Center, Cincinnati, OH |
| October 2, 2024 | Little Caesars Arena, Detroit, MI |
| October 4, 2024 | Gainbridge Fieldhouse, Indianapolis, IN |
| October 5, 2024 | T-Mobile Center, Kansas City, MO |
| October 6, 2024 | Enterprise Center, S. Louis, MO |
| October 8, 2024 | United Center, Chicago, IL |
| October 9, 2024 | Fiserve Forum, Milwaukee, WI |
| October 10, 2024 | Target Center, Minneapolis, MN |
| October 11, 2024 | Pinnacle Bank Arena, Lincoln, NE |

AND IT IS FURTHER ORDERED that this Order be and is hereby conditioned upon maintenance with the Clerk of Court of an undertaking in the amount of at least **$10,000**, to secure payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby; the Clerk is therefore **DIRECTED** to transfer the $10,000 deposited by Plaintiffs into the Registry in connection with *Arceneaux v. Does*, Case No. 1:23-cv-03516-SDG, along with all accrued interest, to the Registry for the United States District for the Northern District of Georgia for Civil Action

No. 1:24-cv-03509-SDG in full payment and/or satisfaction of Plaintiffs' obligation to maintain a bond to secure this Order;

AND IT IS FURTHER ORDERED that the temporary restraining order and seizure order shall remain in effect until the date for hearing on the order to show cause set forth above, or such further dates as set by the Court, at which time the Court shall also hold the confirmation hearing pursuant to 15 U.S.C. §1116(d)(10)(A), unless Defendants stipulate, or have not objected to the confirmation of the seizure and entry of the proposed preliminary injunction;

AND IT IS FURTHER ORDERED that a service of a copy of this Order to show cause together with the summons and complaint in this action be made upon Defendants by the United States Marshal, other federal, state, or local law enforcement officers or by any person over the age of eighteen years not a party to this action selected for that purpose by Plaintiffs, at the time the seizure provided herein is effected and that such service shall be deemed good and sufficient, provided that a complete set of all moving papers submitted in support of this Order shall be promptly provided to any Defendant or counsel requesting same;

AND IT IS FURTHER ORDERED that the process server shall offer a receipt to each person from whom Counterfeit Merchandise is seized and that Plaintiffs shall be deemed substitute custodian for all Counterfeit Merchandise seized, which shall be maintained in a secure location pending further order of this Court;

AND IT IS FURTHER ORDERED that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies to Plaintiffs' counsel at the address set forth below, on or before **August 22, 2024**. Any reply shall be filed and served by Plaintiffs at the hearing;

AND IT IS FURTHER ORDERED that any Defendant who is hereafter served with a copy of this Order who objects to the provisions hereof may submit objections to this Court or otherwise move for relief from this Court as provided herein or otherwise according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise so ordered by this Court.

AND IT IS FURTHER ORDERED that this Order shall take effect **August 9, 2024, at 6:30 p.m. EST**.

**IT IS SO ORDERED** this 9th day of August, 2024.

_____
Steven D. Grimberg
United States District Judge